*Phares, Gusweiler & Rosenberg,* for plaintiff in error.

*D. D. Woodmansee,* for defendant in error.

_____

## INJURIES UPON A PASSENGER INFLICTED BY A CONDUCTOR.

[Circuit Court of Fairfield County.]

THE SCIOTO VALLEY TRACTION COMPANY v. JACOB GRAYBILL.

Decided, September 21, 1906.

*Tort—Master and Servant—Electric Railways—Liability of Company for Injuries to a Passenger—Ejected from Car Maliciously and Without Justification—Scope of Conductor's Employment—Punitive Damages.*

1. It is within the scope of employment of the conductor of a trolley car to control and manage the car and to eject a passenger when necessary to preserve peace and order in the car, and where in so doing a malicious assault is committed the company is liable therefor.

2. Where one who became intoxicated before entering a car, but conducted himself with moderation after the relation of passenger was established, was subjected to an unjustifiable and unprovoked assault and ejectment, a verdict in his favor will not be set aside because for a substantial sum and out of proportion to the physical injuries which he sustained.

TAGGART, J.; DONAHUE, J., concurs; McCARTY, J., not sitting.

In this case the defendant in error filed his petition in the common pleas court of this county, alleging that he had been wrongfully ejected from one of the cars of the plaintiff in error by the conductor then being in the employ of said traction company, and that said conductor threw him on the floor of the car, dragged him off the car, wounding and cutting his face, bruising his person and otherwise injuring him. There are other averments in this petition which tend to set forth the complaint of the defendant in error, the plaintiff below.

The traction company files its answer and admits that at the time alleged the plaintiff boarded the car and delivered to the conductor a ticket which had theretofore been purchased from

the company's agent as a token of his right to a passage on said car. The answer further admits the averment that the plaintiff was ejected from the car by the conductor, and claims that it' was necessary to eject him by reason of the fact that he was intoxicated and using profane and indecent language, and that no more force was used than was reasonably necessary to accomplish that purpose. The case proceeded to trial and judgment, and a motion for a new trial was filed on behalf of the company. But two questions are presented for our consideration:

1.  That the verdict is excessive.

2.  That the court was in error in its charge to the jury on the trial of said case.

The complaint as to the charge of the court and the right of the plaintiff to recover in this case, rests upon the contention that the conductor was not engaged in the scope of his employment when he committed the assault upon the plaintiff, and that consequently the company is not liable for the unprovoked and unjustifiable assault of the conductor. The second question is a sequence to this—in that the company claims that it could not be held for punitive damages in case the testimony shows that the assault was malicious, willful and unprovoked.

We think it clear from the record in this case that it was the duty of the conductor to control and manage said car, and if necessary to eject a passenger from said car for the purpose of preserving peace and order, and that if the conductor in the line of his duty and while engaged in this employment maliciously and willfully committed the acts complained of the company is liable.

The case of *The Nelson Business College Company* v. *Lloyd*, 60 O. S., 448, distinctly holds that: "an employer is liable for the willful and malicious acts of his servant done in the course of the servant's employment."

2.  "When the act complained of may or may not be from its nature, in the course of the servant's employment, and this depends upon the real motive or purpose of the servant in doing the act, it is a question for the jury to determine upon a consideration of all the circumstances adduced in evidence."

We think it is clear in this case that the conductor was simply obeying the orders of the master when he undertook to eject an intoxicated man from the car, and that if he added thereto any willful wrong, the company became liable.

But it is contended that the company can not be held for punitive damages in this class of cases. We think this question is answered by the Supreme Court in the case of *The Western Union Telegraph Company* v. *Smith,* 64 O. S., at page 117, wherein the court quotes with approval the following:

"That a corporation may be subjected to exemplary or punitive damages for tortious acts of its agents or servants done within the scope of their employment, in all cases where natural persons acting for themselves, if guilty of like tortious acts, would be liable for such tortious damages."

As to the question that this verdict is excessive, it is urged upon our attention that not much injury was done to the person of the plaintiff, that if the elements which constitute compensatory damages were alone regarded, the sum given by the jury in its verdict is outrageously excessive; and that the element of punitive damages must necessarily have entered into this verdict. This contention does not appeal strongly to this court. While this plaintiff may have been guilty of moral deliction before he entered the car of the company, yet the record does disclose that he conducted himself with moderation after the relation of passenger and carrier had obtained. The jury was not called on to weigh with golden scales and adjust with great exactness the injuries resulting from an unjustifiable and unprovoked assault and ejectment from the car in the manner in which this plaintiff was ejected by the servant of the company, the jury in their sound discretion were entitled to return such an amount as in their judgment seemed proper. And it does not seem to us that the verdict was rendered under the influence of passion and prejudice. The case was very ably tried and the trial judge was exceedingly careful in giving proper cautions and instructions to the jury, and his instructions to the jury were as favorable to the defendant company as it could claim it was entitled to have.

Judgment affirmed.

*Daugherty & Todd,* for plaintiff in error.

*C. W. McCleery* and *M. A. Daugherty,* for defendant in error.